In the Matter of the Accounting of JULIUS TURTEL, as Administrator D. B. N. of the Estate of LOUIS TURTEL, Deceased.

Surrogate's Court, New York County, August 18, 1948.

*Irving Barry* for administrator *d. b. n.*, petitioner.

*Davis Polk Wardwell Sunderland & Kiendl* for Dry Dock Savings Institution, respondent.

*Vaughan & Lyons* for National Surety Corporation, respondent.

*Abraham Binder*, special guardian for Neil Turtel and others, infants, respondents.

DELEHANTY, S. The original administrator in this estate died before his account was settled. His representatives completed the accounting proceeding and eventually the account was settled by a decree on January 28, 1947. That decree adjudged the original administrator to have been guilty of serious breaches of his fiduciary duty and held him liable for substantial sums. The court also granted to objectants and to objectants' counsel allowances which were charged to the

administrator. Thereafter full payment of this adjudged liability of the administrator was made by his surety.

In the original stages of the account by the original administrator collateral relatives of deceased were made parties. They and the representative of the estate of deceased's wife filed objections to the account. After the death of the original administrator his successor, the now accounting administrator *de bonis non,* also filed objections to the account. The objections put in issue the conduct of the original administrator in respect of the real estate owned by deceased. One, at least, of the objections expressly asserted that the original administrator was at fault in dealing with the rents of a certain parcel of real estate and with failing to protect the property against the foreclosure of a mortgage with resultant threat of loss to the estate. All of the collaterals were eventually excluded as objectants after it had been shown that because of the value of the estate at date of death only the wife — who was then living — was interested therein. The elimination of the collaterals as objectants disposed of the particular objection just mentioned but the file still contained the objections of the collaterals and such objections were always available for inspection by the representative of the then deceased wife and by the administrator *d. b. n.* The account went to decree on the basis of the rulings made on the objections filed by the representative of the wife's estate and by the administrator *d. b. n.* of this estate.

Before the decree was entered the successor representative of this estate and the administrator with the will annexed of the deceased wife's estate had been named, among others, as defendants in an action to foreclose the mortgage to which reference had been made in the objections filed by one of the collaterals of deceased. In that action a claim for a deficiency was made. The plaintiff in the action was not a party to the accounting proceeding. The foreclosure action eventuated in a deficiency judgment against the estate of deceased. After that judgment had been procured the plaintiff in foreclosure obtained leave of this court to intervene in the now pending accounting by the successor administrator of this estate. In such accounting the entry in the foreclosure action of a deficiency judgment was proved and thereby the claim of this creditor was established.

The successor representative of this estate then urged this court to hold in this accounting proceeding that the obligation of the estate for such deficiency furnished basis for an addi-

tional surcharge to the deceased administrator. The objective of this contention is concededly to establish a basis for holding the original administrator's surety liable for the amount of the deficiency. Such surety, who was made party in the now pending accounting, urges the bar of the decree of January 28, 1947, under which it paid the surcharges assessed against its principal.

It is clear that the former administrator could be charged only for negligence occurring during his lifetime. His whole course of conduct in dealing with the real estate of deceased was, as already stated, under scrutiny in the proceeding begun while he lived and continued by his representatives. The record in his accounting proceeding makes it perfectly clear that the question of his negligence could have been litigated during the accounting for his conduct as administrator. It was only in that accounting that the issue could be litigated. Whether, if there litigated, anything of substance could have been charged to the administrator is in the realm of pure speculation. At this time the decree settling his account is conclusive and bars the claim now made against the deceased administrator and against his surety.

The account of the successor administrator will be settled by decree which will allow the claim of the plaintiff in foreclosure with interest and will deny the prayer of the accounting party for relief over against the deceased administrator and the surety.

Submit, on notice, decree settling the account accordingly.